UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

UNITED STATES OF AMERICA

V.

PARKER EMERSON

No. 1:25-po-00002-JCN

## AGREEMENT TO PLEAD GUILTY
## (WITH STIPULATIONS AND APPEAL WAIVER)

The United States of America, by and through Craig M. Wolff, Acting United States Attorney for the District of Maine, and Alisa Ross, Assistant United States Attorney, and Parker Emerson (hereinafter "Defendant"), acting for himself and through his counsel, Kaylee Folster, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea/Dismissal of Counts</u>. Defendant agrees to plead guilty to Violation Notice 9675478 herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Violation Notice 9675478 charges Defendant with Operating Under the Influence of Alcohol or Drugs (BAC greater than 0.08), in violation of 36 C.F.R. § 4.23(a)(2). The United States agrees that it will move to dismiss Violation Notice 9675477 (Operating Under the Influence of Alcohol or Drugs, in violation of 36 C.F.R. § 4.23(a)(1)) pursuant to Rule 11(c)(1)(A) at the time of sentencing.

The parties agree and understand that if the Court should deny that motion to dismiss, the provisions of Rule 11(c)(5) will apply. That is, if the Court rejects the plea agreement, the Court will: (A) inform the parties that the Court rejects the plea agreement; (B) advise Defendant personally that the Court is not required to follow the plea agreement and give Defendant an opportunity to withdraw the plea; and (C) advise

1

Defendant personally that, if the plea is not withdrawn, the Court may dispose of the case less favorably toward Defendant than the plea agreement contemplated.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charge described above. Defendant understands that the penalties that are applicable to the charge described above (Violation Notice 9675478 - OUI) are as follows:

    A. A maximum term of imprisonment of up to six (6) months;

    B. A maximum fine of $5,000;

    C. A mandatory special assessment of $10.00 for each count of conviction which Defendant agrees to pay at or before the time that he enters a guilty plea; and

    D. A term of probation of up to five (5) years. Defendant understands that his failure to comply with any of the conditions of probation may result in revocation of probation, requiring Defendant to serve up to six (6) months in prison pursuant to 18 U.S.C. §§ 1865(a) and 3565(a)(2).

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense, pursuant to 18 U.S.C. § 3663 or § 3663A.

3. <u>Agreements Regarding Sentencing</u>. The parties agree to make the following non-binding recommendation as to sentencing:

    A. The parties agree to recommend that the Court impose a sentence of six (6) months of probation.

    B. The parties agree to recommend that the Court impose all mandatory and standard conditions of supervision.

    C. The parties agree to recommend that the Court impose, at a minimum, the following special conditions of supervision:

>Defendant shall not use or possess any controlled substance, alcohol or other intoxicant, and shall participate in a program of drug and alcohol abuse therapy to the supervising officer's satisfaction. This shall include testing to determine if Defendant has used drugs or intoxicants. Defendant shall pay/co-pay for services during such treatment to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests; and
>
>Defendant shall not operate a motor vehicle unless lawfully licensed to do so and must comply with all license restrictions and conditions.

The parties expressly agree and understand that should the Court reject any or all of the recommendations of the parties, Defendant will not thereby be permitted to withdraw his plea of guilty. The parties agree and understand that the Court has the discretion to impose any lawful sentence.

4. __Appeal Waivers__. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

   A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

   B. A sentence of probation that does not exceed six (6) months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

The number of months mentioned in this paragraph does not necessarily constitute an estimate of the sentence that the parties expect will be imposed.

5. __New Criminal Conduct__. Defendant agrees that he will not commit any other federal or state crime.

6. __Consequences of Breach__. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from

its obligations hereunder, including its obligations to make any sentencing recommendations under Paragraph 3, and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

    A.    The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.

    B.    Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

7.    **Speedy Trial Waiver**. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

4

8. **Validity of Other Agreements; Signature.** This Agreement supersedes any prior understandings, promises, or conditions between the United States and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 9/4/2025

Parker Emerson, Defendant

I am legal counsel for Parker Emerson. I have carefully reviewed every part of this Agreement with Parker Emerson. To my knowledge, Parker Emerson's decision to enter into this Agreement is an informed and voluntary one.

Date: 10/17/2025

Kaylee Folster, Esquire
Attorney for Defendant

5

FOR THE UNITED STATES:   Craig M. Wolff
                         Acting United States Attorney

Date: 10/20/2025

_____
Alisa Ross
Assistant U.S. Attorney

Approved: _____
Supervisory Assistant U.S. Attorney

Revised 4/11/2022